UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARILYN POWELL, next friend of C.P.,    )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )    No.:   3:09-CV-113
                                        )           (VARLAN/SHIRLEY)
ALCOA HIGH SCHOOL PRINCIPAL,            )
SCOTT PORTER,                           )
                                        )
            Defendant.                  )

## MEMORANDUM OPINION

This civil action is before the Court on defendant Alcoa High School Principal, Scott

Porter's Motion to Dismiss [Doc. 3], in which defendant requests that the Court dismiss the

complaint of plaintiff Marilyn Powell, next friend of C.P., proceeding *pro se*, for the

following reasons: (1) lack of subject matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(1); (2) lack of personal jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(2), (4), and (5); (3) failure to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6); and (4) because plaintiff, suing on

behalf of her son, C.P., and acting as his lawyer, is practicing law without a license. Plaintiff

has filed a response in opposition [Doc. 7]. Defendant has not filed a reply and the time for

doing so has passed. *See* E.D. TN L.R. 7.1, 7.2(a). For the reasons set forth herein,

defendant's motion to dismiss will be granted and plaintiff's complaint will be dismissed.

## I.    Relevant Facts

On March 16, 2009, plaintiff filed her complaint against defendant, alleging that defendant violated "Education Law 3214," "Alcoa P.A.L. rules," and the Alcoa High School's student handbook because defendant did not suspend C.P. pursuant to the proper procedures [*see* Doc. 1]. From the Court's reading of plaintiff's complaint, C.P.'s suspension seems to arise from C.P.'s alleged violation of Alcoa High School's dress code [*Id.*]. Plaintiff alleges that defendant disregarded the preceding rules governing suspension procedures and that because of defendant's negligence, C.P. suffered irreparable damages, has been injured by the "Administration of Alcoa High School," and relief is due for "monitary, physical, emotional and punitive damages that cause C.P. mental anguish" [*Id.*]. As such, plaintiff is seeking five million dollars and an injunction requiring defendant to refrain from "not following [the] rules, regulations, policies and Federal Law." [*Id.*]. Plaintiff did not provide a jurisdictional basis for this Court to exercise subject matter jurisdiction beyond her reference to "Federal Law," nor did she allege any specific or general violation of a federal statute.

Following the filing of plaintiff's complaint, defendant filed the instant motion to dismiss [Doc. 3], and plaintiff filed a response [Doc. 7]. In her response, plaintiff submitted, under a heading titled "Cause of Action," that defendant violated plaintiff's rights under the due process clause of the Fourteenth Amendment and violated plaintiff's constitutional rights

under 42 U.S.C. § 1983 [*see* Doc. 7].[1]  Plaintiff also submitted, under a heading titled, "Jurisdiction," that this Court has jurisdiction under sections 1331, 1343, and 1367 of Title 28 of the United States Code, among other statues, for her claims arising under federal law [*Id.*].  Plaintiff also submitted, under a heading titled "Relief," that she has asserted claims under the laws of the United States and that she has been deprived of rights secured by the Constitution of the United States and that such deprivation was caused by defendant acting under color of state law [*Id.*].

## II.    Analysis

As an initial matter, the Court notes that *pro se* pleadings to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Williams v. Bowman*, 981 F.2d 901, 903 (6th Cir. 1992) (recognizing the general rule that the pleadings of *pro se* plaintiffs should be construed more liberally than pleadings drafted by lawyers).  The Court will, therefore, view plaintiff's *pro se* complaint pursuant to this less stringent standard.

In light of this less stringent standard, the Court will view plaintiff's complaint and her response to defendant's motion to dismiss together [Docs. 1, 7].   However,

---

[1]Plaintiff referred to "plaintiff" in her complaint, but refers to "plaintiffs" in her response. Plaintiff also referred to "defendant" in her complaint, but refers to "defendants" in her response and changed the caption of her case to state "Alcoa High School, Principal Scott Porter, et al."  Because, it appears to the Court, from the factual allegations of plaintiff's complaint, that she is bringing suit on behalf of her son, C.P. the Court will continue to use the designation of "plaintiff."  The mere inclusion of herself by way of her reference to "plaintiffs" in her response is not sufficient for the Court to find that plaintiff has asserted her own claims for deprivation of civil or constitutional rights.  Further, because a summons appears to only been executed on one purported defendant, Alcoa High School (presumably intended for principal, Scott Porter) [*see* Doc. 2], the Court will continue to refer to use the designation of "defendant."

3

notwithstanding the less stringent standard under which this Court views the pleadings of a *pro se* plaintiff, plaintiff has failed to comply with one of the basic rules of admission to practice law in this federal court. Local Rule 83.5 provides that:

> It shall be required to practice generally in this Court that an applicant be currently admitted to practice in the highest court of a state, territory, or the District of Columbia, and that the applicant appear to be of good moral and professional character.

E.D. TN L.R. 83.5(a)(1). This is not a rule that pertains to whether a plaintiff may proceed *pro se*, without a license, and represent himself or herself in matters before the Court, but a rule that requires that individuals who purport to represent the interests of others, not themselves, be licensed to practice law.

Accordingly, because plaintiff's complaint clearly asserts allegations and claims arising out of plaintiff's representation of the interests and rights of her *son* and not of *herself*, plaintiff's complaint must be dismissed, without prejudice.[2] In addition, plaintiff's response, which the Court considers as part of plaintiff's complaint, does not contain any factual allegations that would support a finding that plaintiff had stated claims in her own regard. Rather, her response only reiterates the principle that *pro se* pleadings enjoy "some degree of flexibility" and a "liberal construction" [Doc. 7]. Such is true, however, this flexibility cannot swallow the rule that litigants, including *pro se* litigants, must make reasonable effort to comply with the rules of procedure and practice.

---

[2]In light of this finding, the Court will not address defendant's other arguments in the motion to dismiss.

4

## III. Conclusion

For the reasons stated herein, defendant Alcoa High School Principal, Scott Porter's Motion to Dismiss [Doc. 3] is well-taken and is hereby **GRANTED**. Accordingly, because plaintiff Marilyn Powell, next friend of C.P., is not representing herself in this matter, but representing the interests of her son, and has failed to comply with Local Rule 83.5(a)(1), this case is hereby **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE